

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| RICHARD VANDALE CLOWNEY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 0:25-07931-MGL |
| | § | |
| STATE OF SOUTH CAROLINA; PEYTON C. | § | |
| SWANCY; CINDY CRICK; and ALAN | § | |
| WILSON, | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Richard Vandale Clowney filed this lawsuit pro se, alleging constitutional violations under 42 U.S.C. § 1983. He claims Defendants Peyton Swancy, Cindy Crick, Alan Wilson, and the State of South Carolina (collectively, Defendants) violated his constitutional rights because the warrants for his arrest are invalid and the Double Jeopardy Clause bars his criminal prosecution following a disciplinary "settlement agreement" with the Greenville County Detention Center.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Clowney's complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 28, 2025. Clowney filed Objections to the Report on August 29, 2025. The Court has carefully reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

Clowney was previously arrested on charges unrelated to this case and, in October of 2024, he was incarcerated awaiting trial. According to the complaint, at that time he was internally disciplined by the jail for possessing two Suboxone pills. He "made a settlement agreement" with the Greenville County Detention Center, admitted to the conduct, and received "7 days disciplinary detention and 30 days visitation suspension." Complaint, Attachment A at 1.

Subsequently, in January of 2025, Clowney was criminally charged by Greenville County for unlawfully possessing the Suboxone pills. *Id.* at 2. The state magistrate judge who issued that arrest warrant "h[eld] office at the law enforcement center." *Id.* According to the Greenville County public index, these charges are still pending. This Court takes judicial notice of the state court records related to Clowney's charges. *See Fusaro v. Cogan*, 930 F.3d 241, 245 n.1 (4th Cir. 2019) ("This Court takes judicial notice of the state court documents relating to Fusaro's prosecution, as the district court properly did.").

The Magistrate Judge determined Clowney's complaint should be dismissed because it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Supreme Court held a § 1983 claim fails if it would necessarily imply the plaintiff's conviction was invalid, unless it is shown

the conviction was subsequently reversed, invalidated, or otherwise called into question.  512 U.S. at 487-88.

The Magistrate Judge concluded Clowney's charges were still pending and he "alleges no facts to show that he successfully challenged his conviction or sentence."  Report at 3.  Therefore, his "claims for damages associated with his allegedly unlawful arrest are barred at this time by the holding in *Heck*."  Report at 4.

Clowney objects to the Report.  The majority of his Objections is a verbatim copy of his complaint.  The remainder of the Objections contains merely cursory legal argument asserting the Fourth Amendment was violated because the state magistrate judge was not "impartial and severed and disengaged from law enforcement activities."  Objections at 6.  As such, Clowney has failed to make a specific objection to the Magistrate Judge's conclusion under *Heck*.

Nonetheless, the Court has reviewed the decision of the Magistrate Judge de novo and finds no error.  The claims are clearly barred by *Heck* as the related charges are still pending.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Clowney's objections, adopts the Report, and incorporates it herein.  His complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 4th day of May 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

3

## NOTICE OF RIGHT TO APPEAL

Clowney is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.